**CLOSED**

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CLIFFORD MARCUS WINKLES, | ) | Case No.   CV 04-03527 DDP ✓ |
| | ) | [CR 00-00359 DDP] |
| Plaintiff, | ) | **ORDER DENYING PETITIONER'S MOTION** |
| | ) | **FOR RECONSIDERATION PURSUANT TO** |
| v. | ) | **28 U.S.C. § 2255 AND DENYING EX** |
| | ) | **PARTE APPLICATION FOR APPOINTMENT** |
| UNITED STATES OF AMERICA, | ) | **OF COUNSEL** |
| | ) | |
| Defendant. | ) | [Motion filed on 12/23/07] |
| _____ | ) | |

     This matter is before the Court on 1) the Petitioner's motion
for reconsideration of this Court's order denying his motion to
vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §
2255 which was entered on November 21, 2005, and 2) for
Petitioner's ex parte application for appointment of counsel.
After reviewing and considering the materials submitted, the Court
denies the motion.

**I.   Background**

     On May 19, 2004, Petitioner Clifford M. Winkles, a federal
prisoner, filed a motion to vacate, set aside, or correct his
sentence pursuant to 28 U.S.C. § 2255.  The motion set forth six

grounds for relief based on ineffective assistance of counsel prior
to trial, during trial, and during his appeal.  This Court denied
the motion on November 18, 2005.

On December 23, 2007, Petitioner constructively filed[1] the
instant Motion for Reconsideration of this Court's November 18,
2005 order dismissing his habeas motion and an Ex Parte Application
for Appointment of Counsel.

**II.  Legal Standard**

A.  Motion for Reconsideration under 28 U.S.C. § 2255

"Reconsideration is appropriate if the district court (1) is
presented with newly discovered evidence, (2) committed clear error
or the initial decision was manifestly unjust, or (3) if there is
an intervening change in controlling law."[2]  School Dist. No. 1J
Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.
1993) (citations omitted).

---

[1]  When a prisoner gives prison authorities a habeas petition
or other pleading to mail to court, the Court deems the petition
constructively "filed" on the date it was signed.  See Huizar v.
Carey, 273 F.3d 1220, 1223 (9th Cir. 2001).

[2]  Local Rule 7-18 states: "A motion for reconsideration of
the decision on any motion may be made only on the grounds of (a) a
material difference in fact or law from that presented to the Court
before such decision that in the exercise of reasonable diligence
could not have been known to the party moving for reconsideration
at the time of such decision, or (b) the emergence of new material
facts or a change of law occurring after the time of such decision,
or (c) a manifest showing of a failure to consider material facts
presented to the Court before such decision. No motion for
reconsideration shall in any manner repeat any oral or written
argument made in support of or in opposition to the original
motion."  C.D. Cal. R. 7-18.  This alternative standard is neither
materially nor substantively different.

2

B. Appointment of Counsel

A district court may appoint counsel to represent a habeas petitioner whenever the court determines that "the interests of justice so require" and such person is "financially unable to obtain representation."  18 U.S.C. § 3006A(a)(2)(B).  The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations.  See id.

**III. Discussion**

A.  Motion for Reconsideration under 28 U.S.C. § 2255

Petitioner has not cited any newly discovered evidence, has not stated that there was any clear error or manifest injustice in the denial of his habeas claim, and has not shown an intervening change in controlling law to support his motion.  See  Multnomah County, 5 F.3d at 1263.  Instead, he alleges that his case should be reconsidered because 1) he did not have his criminal trial transcripts when he filed his habeas petition on May 19, 2004 and 2) that numerous hardships beyond his control prevented his filing of the instant motion until this late date.[3]

The Petitioner alleges that he wrote to his trial counsel on three separate occasions asking for his trial transcripts without

---

[3]  In light of the Court's decision that the Petitioner has not presented any reason for the Court to reconsider its prior ruling, the Court need not decide the issue of whether this motion for reconsideration is timely filed.

result - on January 21, 2003, March 6, 2003, and April 8, 2003.
Petitioner seems to be alleging that because he had incomplete
information at the time of his initial filing, he was unable to
argue all the merits of his claim.  However, Petitioner does not
cite what new evidence, if any, he has discovered from the
transcripts that support the merits of his claims.  Therefore,
Petitioner has not presented any reason for the Court to reconsider
its prior ruling.

B.   Appointment of Counsel

     Petitioner has not presented a colorable claim for
reconsideration.  Therefore, the interests of justice do not
require appointment of counsel in this action.

**IV.   Conclusion**

     Based on the foregoing analysis, the Court denies this motion
for reconsideration and for appointment of counsel.

IT IS SO ORDERED.

Dated: March 18, 2008

_____
DEAN D. PREGERSON
United States District Judge

4