O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CLIFFORD MARKUS WINKLES, | ) | Case No. CV 04-03527 DDP ✓ |
| | ) | [CR 00-00359 DDP] |
| Petitioner, | ) | |
| | ) | **ORDER DENYING REQUEST FOR** |
| v. | ) | **CERTIFICATE OF APPEALABILITY** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | [Petition filed June 25, 2009] |
| | ) | |
| Respondent. | ) | |

**I.  BACKGROUND**

On May 19, 2004, Clifford Markus Winkles ("Petitioner") filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255.  The motion set forth six grounds for relief based on ineffective assistance of counsel prior to trial, during trial, and during his direct appeal.  The Court denied the motion, along with Petitioner's ex parte application for appointment of counsel, on November 18, 2005.  (Dkt. No. 11.)  On December 23, 2007, Petitioner constructively filed a Motion for Reconsideration of the Court's November 18, 2005 order.[1]  The Court denied the

---

[1] When a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the Court deems the petition constructively "filed" on the date it was signed.  See
(continued...)

motion on March 18, 2008, explaining that "Petitioner ha[d] not cited any newly discovered evidence, ha[d] not stated that there was any clear error or manifest injustice in the denial of his habeas claim, and ha[d] not shown an intervening change in controlling law to support his motion." (Order Den. Mot. for Recons. 3:13-16.)

On May 6, 2008, Petitioner filed a second Motion for Reconsideration of the Court's November 18, 2005 order. The Court denied the motion on March 3, 2009. On June 25, 2009, Petitioner constructively filed the instant Motion for a Certificate of Appealability ("COA").[2]

**II.  DISCUSSION**

A habeas petitioner must obtain a COA before he can appeal the denial of a Motion for Reconsideration.[3] Pursuant to 28 U.S.C. § 2107(b), a petitioner has sixty days from the entry of judgment denying his Motion for Reconsideration to appeal the decision. A COA will issue where the petitioner makes a "substantial showing of the denial of a constitutional right." Nardi v. Stewart, 354 F.3d 1134, 1138 (9th Cir. 2004) (quoting Hiivala v. Wood, 195 F.3d 1098,

---

[1](...continued)
Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001).

[2]  Pursuant to Federal Rule of Appellate Procedure 4(d), in instances where a motion is mistakenly filed with the Court of Appeals, the motion is considered filed in the district court on the date that it was received by the Court of Appeals. Fed. R. App. P. 4(d). The Ninth Circuit Court of Appeals docketed Petitioner's request for a COA on June 25, 2009.

[3]  The Court construes the COA in relation to the Court's denial of Petitioner's second Motion for Reconsideration filed on May 6, 2008, and denied on March 3, 2009. Insofar as Petitioner's request for a COA relates to any other order, it is clearly untimely.

1104 (9th Cir. 1999). A "substantial showing" requires a determination that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Beaty v. Stewart</u>, 303 F.3d 975, 984 (9th Cir. 2002) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).

The Order denying the second Motion for Reconsideration was issued on March 3, 2009. Therefore, the final day to submit a petition for a COA was April 27, 2009. Petitioner did not file his request was until June 25, 2009. Accordingly, the petition is untimely.

The request for a COA also fails on the merits. The Court denied Petitioner's second Motion for Reconsideration on the grounds that he had not cited any newly discovered evidence. (Order Den. Second Mot. for Recons. 2:18.) He argued that he was unable to prepare and present a complete and accurate habeas petition because the Bureau of Prisons had not provided him with trial transcripts in a timely manner. Petitioner did not, however, explain what new evidence, if any, he had discovered from the transcripts that supported the merits of his claim. He stated only that "three of the six grounds raise [sic] in the original 2255 are contradicted by the transcripts," (Mot. for COA at 4), and "[t]he relevance of the with-held [sic] transcripts go to the claims raised in the said amended 2255 petition." (<u>Id.</u> at 5).

Accordingly, the Court concludes that no reasonable jurist would find the denial of the second Motion for Reconsideration "debatable or wrong." <u>Beaty</u>, 303 F.3d at 984.

**III. CONCLUSION**

    For the above reasons, the Court DENIES Petitioner's request for a COA.

IT IS SO ORDERED.


Dated: October 14, 2009

DEAN D. PREGERSON
United States District Judge